UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-22449-CV-SCOLA
(13-20505-CR-SCOLA)
MAGISTRATE JUDGE REID

ROGER ROUSSEAU,

       Movant,

v.

UNITED STATES OF AMERICA,

       Respondent.
_____/

## REPORT OF MAGISTRATE JUDGE

This matter is before the court on movant's *pro se* motion to vacate, filed under 28 U.S.C. § 2255. [Cv-ECF No. 1]. The undersigned has reviewed all pertinent portions of the records in both this case and the underlying criminal case. As discussed below, movant's motion should be **DENIED**.

### I.    Background

A.    Procedural Background in Underlying Criminal Case

Movant and his codefendants were charged with conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349. *United States v. Crabtree*, 878 F.3d 1274, 1280 (11th Cir. 2018). Further, movant was charged with two substantive

1

counts of health care fraud, in violation of 18 U.S.C. §§ 1347 and 2. *Id.* The jury failed to reach a verdict on these charges at movant's first trial. *Id.*

Movant was retried and convicted of these charges. *Id.* "The district court applied a six-level enhancement to [movant's] guideline range--a two-level vulnerable victims enhancement and a four-level enhancement for organizing criminal activity involving more than five people." *Id.* at 1280-81. This resulted in a guideline imprisonment range of 292-365 months. *Id.* at 1281. "The district court sentenced [movant] to 192 months in prison . . . and ordered him to pay $23M in restitution." *Id.*

Movant appealed. The Eleventh District affirmed his judgment of conviction. *See generally Crabtree*, 878 F.3d 1274.

B.  The Government's Trial Evidence

The government presented "overwhelming evidence . . . against [movant] at trial." *Id.* at 1288. "From 2004 to 2011, Health Care Solutions Network, Inc. (HCSN), an operator of mental health centers in Miami and North Carolina, billed Medicare for over $63M in fraudulent claims." *Id.* at 1278. Movant, "the medical director at HCSN's Miami locations, was the attending physician for over $30M of fraudulent billing to Medicare at HCSN-East." *Id.* at 1279.

Movant "was crucial to the fraud scheme at HCSN, and there was considerable evidence that he was aware of this." *Id.* at 1286. "He signed off on 96%

of the fraudulent Medicare claims that came out of HCSN-East, which amounted to over $30M in false claims." *Id.* "He was paid almost a million dollars, much of which came in lump-sum payments issued from clandestine bank accounts, to admittedly sign whatever medical documents were put in front of him." *Id.* "He appeared at HCSN once every couple of weeks, for a couple of hours, simply for this purpose." *Id.* at 1286-87. "He rarely, if ever, met with patients or reviewed their medical needs, nor did he prescribe the individual treatment plans that he signed off on." *Id.* at 1287. "And he authorized use of his signature stamp without permission and without review . . . so that the fraudulent documents could be signed more quickly." *Id.*

"Furthermore, numerous witnesses testified directly to [movant's] knowledge of HCSN's healthcare fraud conspiracy." *Id.* "[T]estimony at trial directly linked him to the fraud benefits, illegal kickbacks, patient recycling, doctored patient files, and the countless fraudulent medical claims that came out of HCSN, all of which he was ultimately accountable for as the attending physician." *Id.*

C.    Procedural Background in This Case

Movant filed his § 2255 motion. [Cv-ECF No. 1]. The government responded. [Cv-ECF No. 6]. Movant did not reply.

## II.     Ineffective Assistance of Counsel Principles

To establish a claim of ineffective assistance of counsel, movant must show that his attorney's performance was deficient and that the deficient performance prejudiced his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

To prove deficiency, he must show that his attorney's performance "fell below an objective standard of reasonableness" as measured by prevailing professional norms. *Id.* at 688. Courts must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689.

To prove prejudice, movant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

Movant has the burden of proof on his ineffectiveness claim, *Holsey v. Warden*, 694 F.3d 1230, 1256 (11th Cir. 2012), as well as the burden of proof under § 2255, *Beeman v. United States*, 871 F.3d 1215, 1222 (11th Cir. 2017) (citing cases).

### III.   Discussion

A.   Claim One

Movant alleges that he was deprived of a fair trial in violation of due process. [Cv-ECF No. 1, p. 4].[1] In support, he contends that he "was deprived of his . . . right to have his case heard by an impartial jury." [*Id.*] Further, he contends that he "was deprived of his right to present a defense because the court failed to make him aware of his right to do so." [*Id.*] However, he does not allege any facts to support either of these contentions. [*Id.* pp. 4-5].

This claim is wholly conclusory and fails for this reason alone. *See Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (a movant's allegations must satisfy the "heightened pleading requirement[s]" under Rule 2 of the Federal Rules Governing § 2255 Proceedings).

Furthermore, the record does not support this claim. The court conducted a careful jury selection process, [Cr-ECF No. 833, pp. 17-261], and instructed the jury that it "must not be influenced in any way by either sympathy for or prejudice against a defendant or the government," [Cr-ECF No. 842, pp. 84]. Additionally, the record flatly contradicts movant's assertion that the court deprived him of his right to present a defense. Counsel called several witnesses, *see, e.g.*, [Cr-ECF No. 840, p.

---

[1] All citations to ECF entries refer to the page-stamp number located at the top, right-hand corner of the page.

3; Cr-ECF No. 841, p. 3], and made an extensive closing argument, [Cr-ECF No. 841, pp. 158-183].

If movant faults the court for not advising him of his right to testify, the record contradicts this claim. The court informed movant regarding his right to testify and questioned him regarding his decision to testify or not, and movant stated that he did not wish to testify. [Cr-ECF No. 841, pp. 74-75].

In sum, claim one fails.

B.  Claim Two

Movant contends that his conviction violates due process and the privilege against self-incrimination because it is "based on false material evidence." [Cv-ECF No. 1, p. 7]. In support, he contends that the government "has been illegally and secretly obtaining copies of defense materials then later presenting an adulterated version to [juries] as evidence." [*Id.*] This is an "'office-wide policy' of both the U.S. Attorney's Office and the F.B.I. that's gone on for years." [*Id.*]

In movant's case, the government allegedly "copied his lawyers['] work product through the government-contracted copy service that the government requires defense lawyers to use to obtain discovery documents." [*Id.*] This copy service, "Imaging Universe," "provided the government with records containing duplicates of documents [movant's] lawyer collected." [*Id.* p. 8]. "To the extent that the government can infer [movant's] thought process from his selection of discovery

6

documents, the government has violated his constitutional right not to be compelled to be a witness against himself." [*Id.*]

Here, this claim does not satisfy the heightened pleading requirements under § 2255. As the government correctly notes, movant "does not allege any facts that, even accepted as true . . . , would demonstrate that any adulteration of evidence occurred in his case." [Cv-ECF No. 6, p. 11]. For movant "does not identify any specific records upon which his claim of adulterated evidence is based; he does not [] identify what information in the records was allegedly adulterated and presented to the jury; and he does not even suggest how the allegedly adulterated information would have changed the outcome of his case in light of the significant evidence presented at trial." [*Id.* pp. 11-12]; *see also Prada v. United States*, 692 F. App'x 572, 574 (11th Cir. 2017) (per curiam) (speculation is an insufficient basis for § 2255 relief or an evidentiary hearing).

Furthermore, the government contends that movant's assertion that Imaging Universe gave the government records containing duplicates of documents that his lawyer collected "is erroneous." [Cv-ECF No. 6, p. 12]. In support, the government contends that "the government-contracted photocopy vendor used in connection with [his] case was Ricoh USA, Inc. . . . , not Imaging Universe." [*Id.*] The government "always has a duty of candor to the tribunal." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Movant has not attempted to rebut the

presumption that this representation is true. *Federated Mut. Ins. Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 808-09 (11th Cir. 2003). Therefore, even if Imaging Universe gave the government duplicate copies of the material the defense had selected for copying in connection with another federal prosecution, movant has not shown that this conduct took place here.

In sum, claim two, which is factually unsupported and speculative, lacks merit.

C.   Claim Three

Claim three, which is derivative of claims one and two, lacks merit. Movant contends that counsel ineffectively failed to: (1) present a defense; and (2) stop and/or challenge the government's submission of adulterated evidence. [Cv-ECF No. 1, p. 10]. But, as discussed, counsel presented a vigorous defense, and movant has not shown that the government engaged in any fraud in connection with his case. Furthermore, movant stated on the record at trial that he did not wish to testify. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977) ("Solemn declarations in open court carry a strong presumption of verity."). In short, movant cannot show deficiency or prejudice on this claim.

## IV.   Evidentiary Hearing

Movant is not entitled to an evidentiary hearing. "[T]he motion and the files and records of the case conclusively show that [movant] is entitled to no relief[.]"

8

*See* 28 U.S.C. § 2255(b). In short, the preceding discussion conclusively shows that movant's claims are "patently frivolous" and/or "affirmatively contradicted by the record." *See Holmes v. United States*, 876 F.2d 1545, 1553 (11th Cir. 1989).

## V.     Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. "If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." *Id.* "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." *Id.* "A timely notice of appeal must be filed even if the district court issues a certificate of appealability." Rule 11(b), Rules Governing § 2255 Proceedings.

"A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a § 2255 movant's constitutional claims on the merits, he "must show that reasonable jurists could debate whether . . . the [motion] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citation omitted).

Here, the undersigned denies a certificate of appealability. If movant disagrees, he may so argue in any objections filed with the district court.

## VI.    Recommendations

Based on the foregoing, it is recommended that movant's motion to vacate [Cv-ECF No. 1] be DENIED; that no certificate of appealability issue; that final judgment be entered; and that this case be closed.

Objections to this report may be filed with the district judge within fourteen days of receipt of a copy of the report. Failure to file timely objections shall bar movant from a *de novo* determination by the district judge of an issue covered in this report and shall bar the parties from attacking on appeal factual findings accepted or adopted by the district judge except upon grounds of plain error or manifest injustice. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

SIGNED this 2nd day of December, 2019.

_____
UNITED STATES MAGISTRATE JUDGE

cc:    Roger Rousseau
       03652-104
       Montgomery Federal Prison Camp
       Inmate Mail/Parcels
       Maxwell Air Force Base
       Montgomery, AL 36112
       PRO SE

David A. Snider
U.S. Department of Justice
Bond Building, 8th Floor
1400 New York Avenue, N.W.
Washington, DC 20005
202-794-4976
Email: david.snider@usdoj.gov

Noticing 2255 US Attorney
Email: usafls-2255@usdoj.gov